IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARC M., on behalf of his minor son, AIDAN M., | ) ) ) | CIVIL NO. 10-00195 DAE-RLP |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR AN AWARD |
| vs. | ) ) | OF ATTORNEYS' FEES AND COSTS |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS[1]

Before the Court, pursuant to a designation by United

States District Judge David Alan Ezra, is Plaintiff Marc. M., on

behalf of his minor son, Aidan M.'s ("Plaintiff") Motion for an

Award of Attorneys' Fees and Costs ("Motion"), filed on February

10, 2011.[2]  Plaintiff requests an award of $42,602.82 for

---

[1]  Within seventeen (17) days after a party is served with a
copy of the Findings and Recommendation, that party may, pursuant
to 28 U.S.C. § 636(b)(1)(B), LR 74.2 of the Local Rules of
Practice for the United States District Court for the District of
Hawaii, and Rule 6(d) of the Federal Rules of Civil Procedure,
file written objections in the United States District Court.  A
party must file any objections within the seventeen-day period
allowed if that party wants to have appellate review of the
Findings and Recommendation.  If no objections are filed, no
appellate review will be allowed.

[2]  Although the parties have referred to Marc. M., on behalf
of his minor son, Aidan M. as "Plaintiffs" throughout their
pleadings and other filings, including the instant Motion, the
Court notes that the statute under which attorneys' fees are

attorneys' fees and costs as the "prevailing party" pursuant to

20 U.S.C. § 1415(e)(4)(B).  Defendant Department of Education,

State of Hawaii ("Defendant") filed its Opposition on March 11,

2011, and Plaintiff filed his Reply on March 14, 2011.

The Court finds this matter suitable for disposition

without a hearing pursuant to LR 7.2(d) of the Local Rules of

Practice for the United States District Court for the District of

Hawaii ("Local Rules").  Based on the following, and after

careful consideration of the Motion, the supporting memoranda,

declarations, and exhibits attached thereto, and the record

established in this action, the Court FINDS AND RECOMMENDS that

Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART.  The

Court RECOMMENDS that the District Judge AWARD Plaintiff

$38,774.33 in attorneys' fees and $579.28 in costs, for a total

award of $39,353.61.

<u>BACKGROUND</u>

Aidan M. is qualified as a student under the

Individuals with Disabilities Education Act, 20 U.S.C. § 1400, <u>et

seq.</u> ("IDEA").  This case arises out of administrative

proceedings concerning Aidan M.'s June 9, 2008 Individualized

---

presently sought permits an award to "the prevailing party who is
the *parent* of a child with a disability[.]" <u>See</u> 20 U.S.C. §
1415(i)(3)(B)(i)(I) (emphasis added).  The statute does not
permit attorneys' fees to be awarded to a disabled child himself.
Accordingly, the Court treats the Motion as one brought by the
singular Plaintiff Marc. M., on behalf of his minor son, Aidan M.

Education Plan ("IEP"), in which Defendant proposed to transfer
Aidan M. from a private placement school, Assets School, to his
home public school, Niu Valley Middle School.  On October 16,
2009, Aidan M., by and through his parents, Melissa and Marc M.,
filed their Request for Impartial Due Process Hearing challenging
the IEP.  An evidentiary hearing was held on February 8-9, 2010.
On March 4, 2010, the administrative hearing officer filed his
decision, which held that the IEP provided a free appropriate
public education ("FAPE") for Aidan M. as required by the IDEA.

On March 31, 2010, Plaintiff appealed the hearing
officer's decision by filing his Complaint in this Court pursuant
to 20 U.S.C. § 1415(i)(2)(A).  On January 24, 2011, the Court
ruled in favor of Plaintiff by vacating the hearing officer's
decision and remanding the case to Defendant.  In a letter dated
January 26, 2011, Plaintiff's counsel forwarded invoices to
Defendant's counsel for expenses incurred during the
administrative hearing and the appeal, which did not include time
spent on the instant Motion.  On February 2, 2011, Plaintiff's
counsel contacted Defendant's counsel regarding payment of
reasonable attorneys' fees and costs but was unable to reach an
agreement, prompting Plaintiff to file this Motion.

In their Motion, Plaintiff asserts that, as the
prevailing party, he is entitled to reasonable attorneys' fees
and costs pursuant to 20 U.S.C. § 1415(e)(4)(B).  Plaintiff seeks
reimbursement for all work at these proceedings at counsel's

current rates: $300.00 per hour for Stanley E. Levin, Esq. and $200.00 per hour for Susan K. Dorsey, Esq. Plaintiff also seeks $85.00 per hour for paralegal work by Bruce P. Ellis, along with out-of-pocket expenses, including facsimile, copying, messenger, postage, and filing fees.

In its Opposition, Defendant does not contest that Plaintiff is the prevailing party or that Plaintiff's requested billing rates for counsel and paralegal fees are reasonable. However, Defendant does object to Plaintiff's counsel's purported "double billing" for (1) Mr. Levin's work on Plaintiff's Opening Brief, which Defendant alleges was "copied practically verbatim" from Plaintiff's Closing Brief submitted in the administrative hearing and from other plaintiffs' opening briefs filed in previous appeals covering "identical" issues of law; and (2) Ms. Dorsey's time to be brought up to speed on the instant matter in order to assist with Plaintiff's Reply Brief and oral argument, even though Mr. Levin and Mr. Ellis had already worked on and were familiar with the case.

In his Reply, Plaintiff first contends that Defendant's Opposition should be stricken as untimely. Next, Plaintiff asserts that the time spent by Mr. Levin to draft and edit Plaintiff's Opening Brief was reasonable due to the higher burden of proof on appeal and the lengthy time period in between the filing of the Closing Brief and the Opening Brief. Finally, Plaintiff believes that the time spent by Ms. Dorsey on

Plaintiff's Reply Brief and preparing for oral argument was reasonable in light of the higher stakes for the child on appeal and Defendant's failure to submit adequate evidence that Ms. Dorsey's time was unreasonable.

ANALYSIS

**A.    Untimely Opposition**

Pursuant to Local Rule 7.4, "[a]ny opposition or reply that is untimely filed may be disregarded by the court or stricken from the record."  LR 7.4.

In the present case, Plaintiff contends that Defendant's Opposition, which was filed four days late, should be stricken as untimely.  However, Plaintiff has not asserted that Defendant's delayed filing resulted in any prejudice or otherwise affected their ability to file a timely, thorough response. Therefore, although the Court certainly does not condone the untimely filing of briefs, it FINDS that the District Judge should nevertheless exercise his discretion to consider Defendant's Opposition.

**B.    Entitlement to Attorneys' Fees and Costs**

The IDEA provides, in pertinent part, "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability[.]"  20 U.S.C. § 1415(i)(3)(B)(i)(I).

5

Defendant does not contest Plaintiff's entitlement to attorneys'

fees and costs as a prevailing party; rather, it only objects to

the amount of the requested award. The Court has also reviewed

this Court's January 24, 2011 Order Vacating and Remanding

Decision of Hearings Officer (dkt. no. 29) and finds that

Plaintiff, as a parent of Aidan M., is a prevailing party under

the IDEA. Accordingly, the Court FINDS that Plaintiff is

entitled to reasonable attorneys' fees and costs pursuant to 20

U.S.C. § 1415(i)(3)(B)(i)(I).

## C.    Calculation of Attorneys' and Paralegal's Fees

        In calculating an award of reasonable attorneys' fees

in IDEA cases, courts use the lodestar calculation set forth in

Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See, e.g.,

Aguirre v. Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1121

(9th Cir. 2006) (holding that "attorney's fees awarded under 20

U.S.C. § 1415 are governed by the standards set forth by the

Supreme Court in Hensley and its progeny"). A court must

determine a reasonable fee by multiplying "the number of hours

reasonably expended on the litigation" by "a reasonable hourly

rate." Hensley, 461 U.S. at 433.

        Once calculated, the lodestar amount is presumptively

reasonable. See Pennsylvania v. Del. Valley Citizens' Council

for Clean Air, 483 U.S. 711, 728 (1987); Fischer v. SJB-P.D.

Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (stating that "a

'strong presumption' exists that the lodestar figure represents a 'reasonable fee'").  However, in "rare and exceptional circumstances," a court may decide to adjust the lodestar figure based on an evaluation of the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.[3]  <u>See Fischer</u>, 214 F.3d at 1119 n.4.  The factors the Ninth Circuit identified in <u>Kerr</u> are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

---

[3] The following factors are subsumed within the lodestar determination: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, . . . (4) the results obtained, and (5) the contingent nature of the fee agreement."  <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (stating that "[a]djusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated, instead of adjusting the reasonable hours or reasonable hourly rate at the first step . . . is a disfavored procedure") (citations and quotations omitted).  The Ninth Circuit, however, extending <u>City of Burlington v. Daque</u>, 505 U.S. 557, 567 (1992), has held that whether the fee is fixed or contingent may not be considered in the lodestar calculation.  <u>See</u> <u>Davis v. City & County of San Francisco</u>, 967 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993).

<u>Kerr</u>, 526 F.2d at 70.

Plaintiff requests the following lodestar amount for work performed by its counsel and paralegal in this case:

| ATTORNEY/PARALEGAL | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Stanley E. Levin | 100.60 | $300 | $30,180.00 |
| Susan K. Dorsey | 31.70 | $200 | $6,340.00 |
| Bruce P. Ellis | 42.50 | $85 | $3,612.50 |
| | Subtotal | | $40,132.50 |
| Hawaii General Excise Tax of 4.712% | | | $1,891.04 |
| | **TOTAL** | | **$42,023.54** |

<u>See</u> Decl. of Stanley E. Levin; Decl. of Susan K. Dorsey; Decl. of Bruce P. Ellis; Ex. "A" - "J".  As previously stated, Defendant does not object to Plaintiff's requested billing rates but contends that the number of hours billed by Mr. Levin and Ms. Dorsey for particular tasks, as outlined below, is excessive.

**1.  Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, "the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." <u>Webb v. Ada County</u>, 285 F.3d 829, 840 (9th Cir. 2002) (citing <u>Chalmers v. City of Los Angeles</u>, 796 F.2d 1205, 1210-11 (9th Cir. 1986)); <u>see also</u> <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that the rate awarded should reflect "the rates of

attorneys practicing in the forum district").  In addition to
their own statements, attorneys are required to submit additional
evidence that the rate charged is reasonable.  Jordan v.
Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Here, in addition to their own declarations,
Plaintiff's counsel and paralegal submitted Exhibit "L," an
unpublished Order from Peter L. Shaw, Appellate Commissioner to
the Untied States Court of Appeals for the Ninth Circuit, filed
February 24, 2010 in a previous IDEA case.  In the Order, the
Court awarded Plaintiff's counsel and paralegal the same hourly
rates requested in this case: $300.00 per hour for Mr. Levin,
$200.00 per hour for Ms. Dorsey, and $85.00 per hour for Mr.
Ellis.  See Ex. "L" to Motion, Order, Teresa L. ex rel. Matthew
L. v. Dep't of Educ., Haw., No. 07-17230 (9th Cir. Feb. 24,
2010).[4]  In light of the declarations submitted by Mr. Levin, Ms.
Dorsey, and Mr. Ellis, as well as the Ninth Circuit's Order
attached as Exhibit "L" to Plaintiff's Motion, the Court FINDS
that the requested hourly rates of $300.00 for Mr. Levin, $200.00
for Ms. Dorsey, and $85.00 for Mr. Ellis are manifestly
reasonable.

### 2.  Hours Reasonably Expended

---

[4]  The Ninth Circuit's Order is also available as part of
the Civil Docket for Teresa L. ex rel. Matthew L. v. Dep't of
Educ., Haw., Civ. No. 07-00009 JMS-BMK (D. Haw. Feb. 24, 2010) at
dkt. no. 50.

Beyond establishing a reasonable hourly rate, the fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  Hensley, 461 U.S. at 437; Gates, 987 F.2d at 1397.  The opposing party then has the burden of rebuttal that requires submission of evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted by the fee applicant in its affidavits.  Id. at 1397-98.

In making an award, the district court must balance between granting sufficient fees to attract qualified counsel and avoiding a windfall to counsel.  Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008).  The court is required to explain how it made its fee determination in a comprehensible, but not elaborate, fashion.  Id.; see also Hensley, 461 U.S. at 437 (stating that the court's explanation may be "concise," but must also be "clear").  The court need not set forth an hour-by-hour analysis of the fee request but may instead make across-the-board percentage cuts to the number of hours claimed as a "practical means of trimming the fat" from a fee application.  Gates, 987 F.2d at 1399.  Indeed, the court has the authority to impose "a small reduction, no greater than ten percent - a 'haircut' - based on its exercise of discretion and without a more specific explanation."  Moreno, 534 F.3d at 1111.

   a.   Opening Brief

Defendant first objects to the amount of time Mr. Levin spent working on Plaintiff's Opening Brief, contending that 25.0 hours expended is excessive. Defendant claims that the much of the language in the Opening Brief was copied from Plaintiff's Closing Brief submitted in the administrative hearing (for which Mr. Levin already billed 20.0 hours) and from other plaintiffs' opening briefs filed by Mr. Levin on behalf of his clients in previous IDEA appeals. See Opposition at 6; Exs. "C" - "E" to Opposition. In his Reply, Plaintiff asserts that the time spent by Mr. Levin on Plaintiff's Opening Brief was reasonable due to (1) the higher burden to establish a denial of FAPE following an unsuccessful administrative hearing; and (2) the lengthy time period in between the filing of the Closing Brief and the Opening Brief of approximately nine months, which necessitated some duplication of time and research.

Defendants are correct that counsel for the prevailing party should exclude from a fee request hours that are "excessive, redundant, or otherwise unnecessary." Gates, 987 F.2d at 1397 (quoting Hensley, 461 U.S. at 433-34). However, Plaintiff is also correct in asserting that "necessary duplication - based on the vicissitudes of the litigation process - cannot be a legitimate basis for a fee reduction." Moreno, 534 F.3d at 1113. Indeed, it is only where attorneys do

"unnecessarily duplicative" work that the court may legitimately cut their hours.  Id.

Here, the Court agrees with Plaintiff that the majority of time spent by Mr. Levin in drafting and editing Plaintiff's Opening Brief was necessary duplication inherent in the process of litigating over time.  Given the distinct similarities between Plaintiff's Closing Brief and other plaintiffs' opening briefs filed by Mr. Levin in previous IDEA appeals, however, the Court finds that a portion of Mr. Levin's time expended on Plaintiff's Opening Brief was unnecessarily duplicative.  Because it is impossible to tell exactly how many hours were unnecessarily duplicative and in response to other duplicative work described more fully in Section C.2.b. below, the Court will exercise its discretion to impose a small ten percent "haircut" reduction to Mr. Levin's overall billed time.  See Moreno, 534 F.3d at 1111.

**b.    Reply Brief and Preparation for Oral Argument**

Defendant also objects to paying fees for Ms. Dorsey's work on Plaintiff's Reply Brief and preparation for oral argument.  Defendant does not argue that Ms. Dorsey did not put in the time indicated in her billing but contends that much of her time represents a duplication of effort in order to bring her up to speed on the instant case, even though Mr. Levin and Mr. Ellis were already familiar with the facts and issues involved.  As a result, Defendant submits that Ms. Dorsey's time should be

12

reduced by 14.5 hours (one-half of the 29.0 total hours she worked on the Reply Brief and prepared for oral argument). In his Reply, Plaintiff asserts that Ms. Dorsey's time was reasonable due to of the higher stakes for the child on appeal and Defendant's failure to submit adequate evidence that Ms. Dorsey's time was unreasonable.

A district court's inquiry must be limited to determining whether the fees requested are justified for the particular work performed and the results achieved in the case. Moreno, 534 F.3d at 1115. The court may not attempt to impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to cheaper fee requests. Id. Indeed, delegating tasks to junior attorneys who bill at lower rates is "sound and desirable." Rose M. ex rel. Laura M. v. Dep't of Educ., Haw., Civ. No. 09-00163 SPK-BMK, 2009 WL 3049725, at *1 (D. Haw. Sept. 23, 2009).

The Court does not find that the hours expended by Ms. Dorsey on Plaintiff's Reply Brief and preparing for oral argument were excessive and will refrain from subtracting any hours from her billing. See Moreno, 534 F.3d at 1112 ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on a case; after all, he won, and might not have, had be been more of a slacker."). The Court does, on the other hand, find that some of

Mr. Levin's time expended on the Reply Brief was unnecessarily duplicative, given the fact that he delegated responsibility for this filing to Ms. Dorsey. However, this duplication is encompassed in the Court's decision to reduce Mr. Levin's overall billed time by ten percent, and the Court will decline to deduct any additional hours from Mr. Levin's billing.

### 3. Paralegal Fees

Fees for work performed by non-attorneys, such as paralegals, are compensable and may be billed separately, at market rates, if it is "the prevailing practice in a given community." Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1257 (9th Cir. 2006); Missouri v. Jenkins, 491 U.S. 274, 285 (1989) (stating that "the 'reasonable attorney's fee' provided for by statute should compensate the work of paralegals, as well as that of attorneys").

Plaintiff seeks 42.50 hours for Mr. Ellis' paralegal work, which Defendant does not contest. The Court is aware that the prevailing practice in the District of Hawaii is for paralegals to bill separately for their independent work on cases and finds that Mr. Ellis' fees are compensable. However, the Court finds that one of Mr. Ellis' entries for attending oral argument for one hour is duplicative of both Mr. Levin's and Ms. Dorsey's entries for the same task. The Court further finds that

14

this time is unnecessarily duplicative because Mr. Ellis is not needed to "second-chair" the court proceeding when two attorneys are already in attendance.  See <u>Blake v. Nishimura</u>, Civ. No. 08-00281 LEK, 2010 WL 1372420, at *8 (D. Haw. Mar. 31, 2010) ("As a general rule, this Court allows two attorneys to bill for their appearances at court proceedings when it is reasonable and necessary for a "second-chair" to appear with lead counsel."). Because this Court typically deducts the time spent by the lowest-billing attorney or staff member, the Court will therefore subtract one hour from Mr. Ellis' billing.  See <u>Melodee H. ex rel. Kelii H. v. Dep't of Educ., Haw.</u>, Civ. No. 07-00256 HG-LEK, 2008 WL 4344701, at *12 (D. Haw. Sept. 23, 2008).

### 4.    Total Lodestar Award

Based on the foregoing, the Court FINDS that Plaintiff has established the appropriateness of an award of attorneys' fees as follows:

| ATTORNEY/PARALEGAL | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Stanley E. Levin | 90.54[5] | $300 | $27,162.00 |
| Susan K. Dorsey | 31.70 | $200 | $6,340.00 |
| Bruce P. Ellis | 41.50[6] | $85 | $3,527.50 |
| | Subtotal | | $37,029.50 |
| Hawaii General Excise Tax of 4.712% | | | $1,744.83 |

---

[5]  100.60 hours requested - 10% = 90.54 hours.

[6]  42.50 hours requested - 1 hour = 41.50 hours.

**TOTAL FEES**        **$38,774.33**

The Court declines to adjust the award based on the <u>Kerr</u> factors which were not subsumed in the lodestar calculation. Therefore, the Court RECOMMENDS that the District Judge award Plaintiff $38,774.33 in attorneys' fees.

## D. Calculation of Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs "should be allowed the prevailing party." Fed. R. Civ. P. 54(d)(1). <u>See also</u> 20 U.S.C. § 1415(i)(3)(B)(i)(I) (allowing attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability). Courts have interpreted this rule to create a strong presumption in favor of awarding costs to the prevailing party, but reserving for the district judge the discretion to deny costs in appropriate, specifically outlined circumstances. <u>See, e.g.</u>, <u>Miles v. California</u>, 320 F.3d 986, 988 (9th Cir. 2003). To overcome this presumption, the losing party must "establish a reason to deny costs." <u>Dawson v. City of Seattle</u>, 435 F.3d 1054, 1070 (9th Cir. 2006).

Plaintiff seeks $579.28 in costs, consisting of the following expenses:

| | |
|---|---:|
| Photocopies | $80.40 |
| Facsimile | $0.60 |
| Postage | $8.39 |
| Messenger (nontaxed) | $42.50 |
| Outside Copies (nontaxed) | $75.18 |
| Filing Fees (nontaxed) | <u>$368.00</u> |

| | |
|---|---|
| Subtotal | $575.07 |
| General Excise Tax of 4.712% | $4.21 |
| **TOTAL COSTS** | **$579.28** |

See Motion at 13. Plaintiff has attached numerous invoices documenting these costs. See Ex. "K" to Motion. Defendant did not object to Plaintiff's request for costs.

Based on its review of Plaintiff's Motion and the invoices submitted in Exhibit "K," the Court FINDS that all costs were adequately documented and reasonably incurred. Therefore, the Court RECOMMENDS that the District Judge tax costs against Defendant and for Plaintiff in the amount of $579.28.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion for an Award of Attorneys' Fees and Costs, filed February 10, 2011, be GRANTED IN PART AND DENIED IN PART. The Court RECOMMENDS that the District Judge AWARD Plaintiff $38,774.33 in attorneys' fees and $579.28 in costs, for a total award of $39,353.61.

IT IS SO FOUND AND RECOMMENDED.

///

///

///

///

///

///

DATED AT HONOLULU, HAWAII, MAY 25, 2011



_____
Richard L. Puglisi
United States Magistrate Judge

MARC. M. EX REL. AIDAN M. V. DEP'T OF EDUC., HAW.; CIVIL NO. 10-00195 DAE-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS